[Cite as *State v. Redd*, 2012-Ohio-5417.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98064

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DARNELL REDD, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
CONVICTIONS AFFIRMED;
SENTENCE VACATED;
REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-541880

**BEFORE:**   Boyle, P.J., Celebrezze, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 21, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    John R. Kosko
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Darnell Redd, Jr., appeals his sentence. He raises two assignments of error for our review:

[1.] The trial court violated Mr. Redd's right to due process and the prohibition against double jeopardy by imposing a split sentence of 30 months in prison and two years of community control for a single offense.

[2.] The trial court imposed a sentence contrary to law and violated Mr. Redd's right to due process when it ordered consecutive sentences without stating the requisite statutory findings on the record.

{¶2} We find merit to both assignments of error, vacate Redd's sentence, and remand for a new sentencing hearing.

## Procedural History and Factual Background

{¶3} In September 2010, Redd was indicted on 12 counts: four counts of felonious assault in violation of R.C. 2903.11(A)(1), and eight counts of endangering children in violation of R.C. 2919.22(A) and (B)(1). The indictment arose out of allegations that Redd shook his nearly two-month-old son and grabbed or pulled the baby by his legs.

{¶4} In January 2012, Redd withdrew his previous not guilty plea and entered a plea of guilty to two counts of endangering children, third degree felonies, in violation of R.C. 2919.22(A). The remaining counts were nolled.

{¶5} After obtaining a presentence investigation report, the trial court held a sentencing hearing. At the hearing, the trial court informed Redd that it was sentencing him to 30 months on each count, to be served consecutive to one another, for an aggregate

sentence of 60 months in prison. The trial court then stated: "[a]lso, upon Mr. Redd's release from prison, because those 30 months together will be five years, the defendant is ordered to be placed into community control or probation for a period of two years." The trial court further advised Redd that upon his release from prison, he would be subject to three years of discretionary postrelease control. Redd objected to the length of his sentence. It is from this judgment that Redd appeals.

## Standard of Review

{¶6} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

## Sentence for a Single Offense

{¶7} In his first assignment of error, Redd argues that the trial court erred by sentencing him to prison and community control for a single offense. We agree that the

trial court cannot sentence a defendant to community control and prison for the same offense. *See State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5 (8th Dist.). The state also concedes this error.

**{¶8}** Thus, Redd's first assignment of error is sustained. Redd's entire sentence is vacated as it is contrary to law, and we remand for a de novo sentencing hearing.

Consecutive Sentences

**{¶9}** In his second assignment of error, Redd contends that the trial court erred by sentencing him to consecutive prison terms without making the mandatory findings under R.C. 2929.14(C)(4) as revived by H.B. 86. Although we are vacating Redd's sentence, this issue will arise again at resentencing and, thus, we will address it. We agree with Redd that the trial court failed to make all of the required findings under R.C. 2929.14(C) before imposing consecutive sentences.

**{¶10}** Redd was sentenced in February 2012. He was, therefore, subject to the amendments in H.B. 86. *State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 30.

**{¶11}** H.B. 86 revived the provision under S.B. 2 that required trial courts to make findings before imposing consecutive sentences. *Id.* at ¶ 32. R.C. 2929.14(C)(4), as revived, now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

{¶12} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). But under H.B. 86, a trial court is not required to articulate and justify its findings at the sentencing hearing when it imposes consecutive sentences as it had to do under S.B. 2. *Blackburn* at ¶ 35. This is because the General Assembly deleted the former R.C. 2929.19(B)(2)(c) in H.B. 86, which was the provision in S.B. 2 that had required sentencing courts to state their *reasons* for imposing consecutive sentences on the record. As we explained in *Blackburn*, a trial court is free to express and justify its reasons, of course, but it does not

commit reversible error if it fails to do so, as long as it has made the required findings. *Id.* at ¶ 35.

{¶13} At the sentencing hearing in this case, defense counsel requested that the court impose community controlled sanctions. Defense counsel explained that Redd had no prior juvenile or adult criminal history and that the presentence investigation report ("PSI") found Redd to be in the "low zero to 5 risk of recidivism, which would find him amendable for probation supervision." Defense counsel stated that Redd had complied with every condition of his court- supervised release program during the pendency of his case for a period of almost one year. Redd's probation officer reported that Redd had reported as directed every time and had all negative urine tests. Defense counsel further informed the court that Redd had been employed throughout most of his teenage and adult life, and that he had the support of many of his family members and friends, many of whom had written letters (which were attached to Redd's sentencing memorandum) to the court on Redd's behalf.

{¶14} After the trial court heard from the state, defense counsel, Redd, Redd's aunt, and Redd's wife, the trial court stated that it reviewed Redd's sentencing memorandum, including the 13 letters from Redd's friends and family. The trial court further stated that it considered the record, the oral statements given at the sentencing hearing, the PSI, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and "the need for deterrence, incapacitation, rehabilitation and restitution." It

further considered the "significant disability that [the minor child] has as a result of being abused at the hands of his own father." The court then found that Redd was not amenable to community control sanctions and that prison was consistent with the purposes and principles of sentencing.

**{¶15}** Next, the trial court indicated that it was imposing two 30-month prison terms for each offense and ordering that they be served consecutively to one another. When sentencing Redd to consecutive sentences, the trial court stated, "These are two separate incidents resulting in injuries to this child separate and apart from one or the other. And that's why I'm imposing 30 month terms based upon each count to run consecutively."

**{¶16}** We can construe the trial court's statements to equate to one of the consecutive sentence findings, i.e., that the multiple offenses were committed as part of a course of conduct, and the harm caused was so great or unusual that no single prison term could adequately reflect the seriousness of the offender's conduct. But the trial court failed to make *the two mandatory findings* that (1) "consecutive service is necessary to protect the public from future crime or to punish the offender," and (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

**{¶17}** The state argues that this court *should infer* from the record that the trial court made the two mandatory findings under R.C. 2929.14(C)(4) because the underlying facts of the case were well known to the trial court. Specifically, in arguing that we

should infer from the record that the trial court found that "consecutive service [was] necessary to protect the public from future crime or to punish the offender," the state contends that "the injuries caused by the appellant are so serious, that it cannot be contested that incarceration is a proper punishment in this case." Further, the state maintains that this court should infer from the record that the trial court found that consecutive sentences were "disproportionate to the seriousness of the offender's conduct and to the danger of the public" because "[i]t is hard to imagine any amount of prison time being disproportionate to seriousness of such an offense."

{¶18} This court cannot agree with the state that we can *infer* any of these findings simply from the facts in the record. *See State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590 (trial court must make the required findings on the record). More importantly, based on the record before us, the trial court will be hard pressed to make the required findings to impose consecutive sentences at the new sentencing hearing. According to the PSI and Redd's sentencing memorandum, Redd has no prior adult or juvenile criminal history and was rated the lowest possible risk of recidivism.

{¶19} Accordingly, we sustain Redd's second assignment of error.

{¶20} Normally, when a defendant challenges the trial court's imposition of consecutive sentences and we agree with the defendant and sustain the assignment of error, we only vacate that portion of the defendant's sentence that imposed consecutive sentences (the sentencing range for each offense remains intact). *Blackburn* at ¶ 37. But here, we are also vacating the defendant's sentence due to the improper imposition of

prison and community control.   Accordingly, Redd's entire sentence is vacated as it is contrary to law.

**{¶21}** Convictions affirmed; sentence vacated; case remanded for a de novo resentencing hearing.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR