[Cite as *State v. Dodson*, 2013-Ohio-1344.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98521

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JEFFREY DODSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART; VACATED IN PART
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555731

**BEFORE:** Jones, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 4, 2013

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Jesse W. Canonico
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Jeffrey Dodson, appeals his four-year prison sentence. We affirm in part, vacate in part and remand.

{¶2} In 2011, Dodson was charged in a 21-count indictment relating to his use of his home computer to download child pornography.

{¶3} In 2012, Dodson pleaded no contest to the indictment: 16 counts of illegal use of a minor in nude material or performance (Counts 1-16), 3 counts of pandering sexually-oriented matter involving a minor (Counts 17-19), 1 count of unauthorized use of property of computer system (Count 20), and 1 count of possessing criminal tools (Count 21). The trial court entered findings of guilty on all counts.

{¶4} At the sentencing hearing, the trial court considered whether the convictions were allied offenses of similar import and concluded that they were not. The court also reviewed the presentence investigation and mitigation of penalty reports. The court then sentenced Dodson to 3 concurrent years in prison on Counts 1-19, 12 concurrent months in prison on Counts 20 and 21, and further ordered Count 20 to run consecutive to Count 1, for a total of 4 years in prison.

{¶5} Dodson's sole assignment of error reads as follows: "The lower court erred by imposing consecutive sentences without making findings of fact required by R.C. 2929.14(E)(4)". [1]

---

[1] The correct provision is R.C. 2929.14(C)(4).

{¶6} With the enactment of Am.Sub.H.B. No. 86, effective September 30, 2011, the General Assembly has revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5. R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must first find the sentence is necessary to protect the public from future crime or to punish the offender. Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

{¶7} A trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). It must, however, be clear from the

record that the trial court actually made the findings required by statute. *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131. Thus, in reviewing whether a trial court complied with the statutory requirements for imposing consecutive sentences, this court has construed statements made by the trial court to equate to findings. *See State v. Redd*, 8th Dist. No. 98064, 2012-Ohio-5417, ¶ 16.

{¶8} In sentencing Dodson, the trial court stated, in pertinent part:

Look, I have two search warrants that were executed on the street you're living [on]. * * * The investigators * * * have software and abilities to say who is downloading what, when, * * * [a]nd they show on your street back in May * * * someone on your street, specifically, two homes that have unsecured wireless networks in their home * * * looking to download child pornography.

The investigators * * * went to your house on a warrant and lo and behold they find a * * * homemade device to get and steal wireless access from neighbors, and you're telling me that you didn't do it?

* * * It's a serious crime. * * * [I]t's not a victimless crime. Child pornography is reliving the rape of a child. * * * I think probation would demean the seriousness of the crime. * * * I'm going to sentence you to three years on Count number 1. And I'm going to run the remaining [Counts 2-19] concurrent with that count, all three years concurrent with each other. On [Counts 9 and 10], I'm going to run those three years concurrent to the other counts.

The unauthorized use of property [Count 20], I find that troubling to me, and that's the access. I think about it because, you know what, I mentioned victims in this case, but what really troubles me in this whole * *

* thing, yeah those neighbors * * * I can't imagine what it was like knocking on the door, you hear your door ring, go answer the door, and seeing like 20 police officers coming in to take your computers, to search your house. And that's all because of that device that you were able to steal their Internet and download child pornography. I find that offensive, I find that troubling, and the fact that the young girl [one of the neighbors] is still disturbed by that bothers me about that, and on that case I'm going to sentence you to a year. I'm going to run that consecutive with Count Number 1.

{¶9} We agree with Dodson that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive prison terms. The trial court expressly found that Dodson's use of a homemade device to steal his neighbors' internet was "offensive" and "troubling" and mentioned the harm to the victims and the harm suffered by one of the young neighbor girls whose house was searched by police. We can construe those statements to equate to R.C. 2929.14(C)(4)(b) — that the multiple offenses were committed as part of a course of conduct, and the harm caused was so great or unusual that no single prison term could adequately reflect the seriousness of the offender's conduct.

{¶10} But the court failed to find on the record that consecutive sentences were necessary to protect the public from future crime or to punish Dodson, and also failed to find that consecutive sentences were not disproportionate to the seriousness of Dodson's

conduct and to the danger he poses to the public as required by R.C. 2929.14(C)(4).

**{¶11}** Accordingly, the trial court's judgment sentencing Dodson is affirmed except the portion where it ordered Count 20 to be served consecutive to Count 19. This case is remanded to the trial court to consider whether consecutive sentences are appropriate under H.B. 86, and if so, to enter the proper findings on the record. *See State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 87.

**{¶12}** Finally, we note that at the sentencing hearing, the trial court stated that Count 20 was to run consecutive to Count 1. But the sentencing journal entry states "Count 20 is to be served consecutively to Count 19." Because we are remanding the case, the trial court may make the correction at that time.

**{¶13}** Dodson's sole assignment of error is sustained.

**{¶14}** Sentence affirmed in part and vacated in part; case remanded for the trial court to consider whether consecutive sentences are appropriate under H.B. 86, and if so, to enter the proper findings on the record.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR