[Cite as *State v. Trotter*, 2013-Ohio-2538.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99014

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID C. TROTTER

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-525504

**BEFORE:** Jones, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Scott Zarzycki
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant David Trotter appeals his consecutive sentence for two counts of rape. We reverse and remand for resentencing.

**{¶2}** In 2009, Trotter was charged with four counts of rape, two counts of kidnapping, eleven counts relating to alleged child pornography found on his computer, and two counts of corrupting another with drugs. The matter proceeded to a bench trial in January 2010; however, after six days of testimony, the court granted a motion to suppress the evidence found on Trotter's computer that was made after the judge, sua sponte, raised a jurisdictional issue. The state appealed this ruling, and this court reversed. *State v. Trotter*, 8th Dist. No. 94648, 2011-Ohio-418.

**{¶3}** The bench trial continued in February 2011. At the end of trial, the state dismissed the two counts of corrupting another with drugs. The trial court convicted Trotter of two counts of rape in violation of R.C. 2907.02(A)(2) (Counts 1 and 2); two counts of rape in violation of R.C. 2907.02(A)(1)(c) (Counts 3 and 4); and two counts of kidnapping in violation of R.C. 2905.01(A)(4) (Counts 5 and 6); but acquitted him of the counts relating to the child pornography (Counts 7 - 17). The trial court then sentenced Trotter to a total of 60 years in prison.

**{¶4}** Trotter appealed his convictions and this court reversed in part, finding that the trial court erred by imposing multiple punishments for allied offenses; specifically, this court found that Counts 1, 3, and 5 were allied and Counts 2, 4, and 6 were allied. *State v. Trotter*, 8th Dist. No. 97064, 2012-Ohio-2760. We remanded the case for the merger of allied offenses and resentencing.

**{¶5}** The trial court held a resentencing hearing on August 14, 2012. The state elected to proceed to sentencing on Counts 1 and 2, rape. The trial court sentenced Trotter to ten years in prison on each count and ran the sentences consecutive, for a total sentence of 20 years in prison.

**{¶6}** Trotter appeals, raising the following assignment of error for our review:

[I.] The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(C)(4).

**{¶7}** With the enactment of Am.Sub.H.B. No. 86, effective September 30, 2011, the General Assembly has revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5.

**{¶8}** R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find the sentence is necessary to protect the public from future crime or to punish the offender. Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison

term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.    R.C. 2929.14(C)(4)(a)-(c).

{¶9} A trial court is not required to use "'talismanic words to comply with the guidelines and factors for sentencing.'"    *State v. Dodson*, 8th Dist. No. 98521, 2013-Ohio-1344, ¶ 7, quoting *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000).    It must, however, be clear from the record that the trial court actually made the findings required by statute.    *Id.,* citing *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).    A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.    Thus, in reviewing whether a trial court complied with the statutory requirements for imposing consecutive sentences, this court has construed statements made by the trial court to equate to findings.    *See State v. Redd*, 8th Dist. No. 98064, 2012-Ohio-5417, ¶ 16.

{¶10} In sentencing Trotter, the trial court stated:

> As you know I tried the case, I found you not guilty of a number of counts related to items found on your computer.    I did find you guilty of a number of offenses involving this victim who was 14 or 15 at the time.    It was clear that alcohol was involved.    You're a much older person.    You should have been more responsible.    You took advantage of her.
>
> I understand now that the state has to elect these counts, but there were two separate acts.    Each of those acts of rape require a separate sentence.

Therefore, you are sentenced on Count 1, being the count elected by the state, to ten years in prison, and Count 2, the count elected by the state, to ten years in prison, to be served consecutive to each other, with credit for time served.

**{¶11}** We agree with Trotter that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive prison terms.

**{¶12}** In making its findings, the trial court considered the young age of the victim, the use of alcohol, and the fact that two rapes occurred. We can construe those statements to equate to R.C. 2929.14(C)(4)(b) — that the multiple offenses were committed as part of a course of conduct, and the harm caused was so great or unusual that no single prison term could adequately reflect the seriousness of the offender's conduct.

**{¶13}** But the court failed to find on the record that consecutive sentences were necessary to protect the public from future crime or to punish Trotter, and also failed to find that consecutive sentences were not disproportionate to the seriousness of Trotter's conduct and to the danger he poses to the public, as mandated by R.C. 2929.14(C)(4).

**{¶14}** While we are aware that the sentencing court was also the trier of fact in a bench trial, and, therefore, intimately aware of the facts of this case, the court was nevertheless mandated by statute to make certain findings on the record. The trial court failed to do so; consequently, Trotter must be resentenced.

**{¶15}** Accordingly, this case is remanded to the trial court to consider whether consecutive sentences are appropriate under H.B. 86, and, if so, to enter the proper findings on the record. *Dodson* at ¶ 11; *State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 87.

**{¶16}** The sole assignment of error is sustained.

**{¶17}** Sentence vacated; case remanded to the trial court for resentencing and to consider whether consecutive sentences are appropriate under H.B. 86, and, if so, to enter the proper findings on the record.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR