[Cite as *State v. Thompson*, 2013-Ohio-2534.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98955**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REPINTOE THOMPSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-557987 and CR-558722

**BEFORE:** Stewart, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary Weston
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

**{¶1}** Defendant-appellant Redintoe[1] Thompson entered into a plea agreement for two cases both in connection with the robbery of a Family Dollar store. On two separate occasions, Thompson and two codefendants participated in the armed robbery of a Family Dollar store where Thompson was employed at the time. For each case, Thompson pled guilty to fourth degree felonies of attempted robbery in violation of R.C. 2923.02 and 2911.02(A)(3). On June 13, 2012, the trial court sentenced Thompson to 15 months in prison for each case. The sentences were ordered to run consecutively for a total of 30 months confinement. In this appeal, Thompson's sole assignment of error argues that the trial court ordered consecutive sentences without making the appropriate findings required by R.C. 2929.14. For the reasons that follow, we affirm.

**{¶2}** Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the requirement that trial courts make certain findings before imposing consecutive sentences for felony convictions. *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, _ 17.

> R.C. 2929.14(C)(4) permits the court to impose sentence on multiple prison terms consecutively if it finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

---

[1] The trial record reflects defendant-appellant's name has also been spelled "Repintoe" (as captioned in this appeal), "Redinto," and "Repinto." However, in letters to the trial court from and about appellant, his name is spelled "Redintoe," so we surmise that this is the proper spelling.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Jarrett*, 8th Dist. No. 98759, 2013-Ohio-1663.

**{¶3}** Thompson's sole assigned error is without merit because the transcript from the sentencing hearing reveals that the trial court made the required findings before imposing consecutive sentences. In *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, this court held that a trial court is not required to use "talismanic words" to comply with the guidelines and factors for sentencing. Although specific words are not required, the sentencing transcript must clearly show the appropriate findings necessary to impose consecutive sentences.

**{¶4}** At the sentencing hearing, Thompson's lawyer spoke on his client's behalf focusing on the friends and family members in support of Thompson. Counsel also asked the court to consider that Thompson showed remorse for his actions and had a limited, nonaggressive role in the robberies.

**{¶5}** The record reflects that the court reviewed the entire case file for each of the two cases. The court examined the presentence investigation report as well as the statutory guidelines for felony sentences. Lastly, the court acknowledged the disparity in sentences among all three defendants involved in the robbery, one of whom faced a significantly lighter punishment because she had no criminal past.

**{¶6}** The trial court found that consecutive sentences were necessary under the circumstances. The court satisfied the first and second requirements under R.C. 2929.14(C)(4) when it found that consecutive sentences were needed for punishment purposes, and that the consecutive nature of the sentences reflects the seriousness of Thompson's conduct. The court stated:

> Court: I have imposed a discretionary consecutive time * * * the defendant's criminal history shows consecutive terms are needed to protect the public, and also the harm is such that a single term would not adequately reflect the seriousness of his conduct in this matter.

The court focused on the fact that Thompson had returned to a life of criminal activity despite his past involvement with the criminal justice system. In 1991, Thompson was sentenced to prison after being convicted of aggravated murder where he served 18 years confinement. The trial court expressed the need to punish Thompson for reentering a life of crime after regaining his freedom. The court further stated:

> Court: I would have hoped that his term in prison * * * would have prevented him from returning to this lifestyle so quickly; however, that's not the case.

**{¶7}** Lastly, the third and final requirement of R.C. 2929.14(C)(4) is satisfied. The court focused on Thompson's history of criminal conduct stating that his history demonstrated a need to protect the public from future offenses. The court found:

Court: The defendant does have a long criminal history.   He was involved also in an aggravated murder charge in 1991 where he served 18 years, apparently.   He was out only for a brief period of time before he started engaging in this type of conduct.

The court found that consecutive sentences were necessary as Thompson posed a future threat to the public seeing as his being incarcerated for 18 years was not a deterrent to committing additional serious offenses.

**{¶8}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR