[Cite as *State v. Wilson*, 2013-Ohio-3915.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99331

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRYAN K. WILSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558514

**BEFORE:** E.T. Gallagher, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 12, 2013

**ATTORNEY FOR APPELLANT**

Richard Agopian
The Hilliard Building
1415 West 9th St., 2nd Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Andrew J. Santoli
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Bryan Wilson ("Wilson") appeals his consecutive sentences. We find no merit to the appeal and affirm the trial court's judgment.

{¶2} On July 31, 2011, Wilson and his brother, Spencer Jordan ("Jordan"), went on a double date with T.K. and her sister H.K. The two couples decided to stay the night in a hotel because Wilson and Jordan lived some distance away from the two women. Everyone except H.K., who was pregnant, consumed alcohol. During the night, Wilson fondled T.K. while she was asleep and had sexual conduct with H.K. against her will. Consequently, Wilson was charged with rape, kidnapping, and sexual battery.

{¶3} Pursuant to a plea bargain, Wilson pleaded guilty to sexual battery against T.K. and attempted rape of H.K. The court sentenced Wilson to a one-year prison term for the sexual battery conviction and a four-year prison term for the attempted rape conviction, to be served consecutively for an aggregate five-year prison term. This appeal followed.

{¶4} In his sole assignment of error, Wilson argues the trial court erred when it sentenced him to consecutive prison terms. He contends the imposition of consecutive sentences was contrary to law because the trial court failed to comply with the sentencing provisions set forth in R.C. 2929.14(C)(4), as amended by Am.Sub.H.B. No. 86 ("H.B. 86").

{¶5} R.C. 2953.08(G)(2), as amended by H.B. 86, states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the

sentencing court abused its discretion." Instead, the statute states that if we "clearly and convincingly" find that, (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or that, (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6, quoting R.C. 2953.08(G)(2).

{¶6} R.C. 2929.14(C)(4), as amended by H.B. 86, requires a sentencing judge to make certain findings before imposing consecutive sentences. *State v. Richmond*, 8th Dist. Cuyahoga No. 98915, 2013-Ohio-2887, ¶ 11. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶7} There is no provision in R.C. 2929.14(C)(4), requiring a sentencing court to articulate reasons for imposing consecutive sentences. *Goins* at ¶ 11. Nevertheless, trial courts may state their reasons on the record if they choose, and their reasons may assist the appellate court in determining whether a court made the required findings. This court has construed the trial court's discussion of relevant facts or reasons as an expression of certain required findings. For example, in *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274, we stated:

> The trial court did not make an express finding under R.C. 2929.14(C). It did discuss Dwayne's criminal history, which could equate to making two of the findings, namely (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.* at ¶ 86.[1]

{¶8} Although the appellate court may detect findings in the trial court's statements on the record, it may not infer findings from elsewhere in the record. For example, in *State v. Redd,* 8th Dist. Cuyahoga No. 98064, 2012-Ohio-5417, the state argued that an appellate court should infer from the record that the trial court made two mandatory findings under R.C. 2929.14(C)(4), because the underlying facts of the case

---

[1] *See also State v. Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 12; *State v. Redd*, 8th Dist. Cuyahoga No. 98064, 2012-Ohio-5417; *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415; *State v. Blackburn*, 8th Dist. Cuyahoga Nos. 97811 and 97812, 2012-Ohio-4590; and *State v. Lebron*, 8th Dist. Cuyahoga No. 97773, 2012-Ohio-4156.

were well known to the trial court. The state asserted that it could be inferred from the record that the trial court found "'consecutive service [was] necessary to protect the public from future crime or to punish the offender' because 'the injuries caused by the appellant are so serious, that it cannot be contested that incarceration is a proper punishment in this case.'" *Id.* at ¶ 17. The state also argued we could infer from the record that the trial court found consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger of the public because "[i]t is hard to imagine any amount of prison time being disproportionate to the seriousness of such an offense." *Id.* at ¶ 17. This court rejected the state's argument and stated that the trial court must make findings on the record and that findings cannot be inferred from other facts in the record. *Id.*

**{¶9}** Therefore, this court has consistently held that the court's discussion of relevant facts at the sentencing hearing may be construed as findings. The statutory language in R.C. 2929.14(C)(4) itself "does not have magical powers." *State v. Kuykendall*, 12th Dist. Clermont No. CA2004-12-111, 2005-Ohio-6872, ¶ 24. Rather, the requirements of R.C. 2929.14(C)(4) are designed to ensure that the trial court engaged in the required analysis. *Id.* This holding comports with this court's uniform statement that trial courts are not required to use "talismanic words to comply with the guidelines and factors for sentencing" as long as it is clear from the record that the trial court actually made the required statutory findings. *Goins* at ¶ 10.[2]

---

[2] *See also State v. Matthews*, 8th Dist. Cuyahoga No. 97916,

**{¶10}** At the sentencing hearing in this case, the court noted that the victim initiated the double date through text messages, suggested that Wilson and his brother get a hotel, and therefore facilitated the offense. Nevertheless, in considering the seriousness of the offense, the court stated: "I do find that the victims suffered, both of them, serious physical and psychological harm based on their statements contained in the PSI," and that Wilson's longstanding relationship with the victims facilitated the offenses.

**{¶11}** The record reflects that the court also found that consecutive sentences were necessary to protect the public. In this regard, the court stated that although Wilson showed genuine remorse, he had a criminal history and "ha[s] not responded favorable [sic] to sanctions previously imposed in the adult or juvenile court." In sum, the court stated:

> I am able to impose consecutive sentences, if necessary, to protect the public or punish the offender and not disproportionate — and I need to make the following findings: * * * I find that the harm was so great or unusual that a single term does not adequately reflect [sic] seriousness of the conduct.
>
> Again, my stated reasoning for that is that there were two victims. The incidents did not happen at the same time. There were separate incidents

---

2012-Ohio-5174, ¶ 48; *State v. Trotter*, 8th Dist. Cuyahoga No. 99014, 2013-Ohio-2538, ¶ 9; *State v. Thompson*, 8th Dist. Cuyahoga No. 98955, 2013-Ohio-2534, ¶ 3 (specific words not required); *Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 12; *Redd*, 8th Dist. Cuyahoga No. 98064, 2012-Ohio-5417; *Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415; *Blackburn*, 8th Dist. Cuyahoga Nos. 97811 and 97812, 2012-Ohio-4590; *Lebron*, 8th Dist. Cuyahoga No. 97773, 2012-Ohio-4156; and *Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274.

that occurred. And I do find that your criminal history shows the consecutive terms are needed to protect the public.

**{¶12}** It is clear the trial court made the requisite findings that "consecutive service is necessary to protect the public from future crime or to punish the offender" and that Wilson's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4) and 2929.14(C)(4)(c).

**{¶13}** However, Wilson argues the trial court failed to make a finding with respect to proportionality. He asserts that the court's mention of the word "disproportionate" was not sufficient to make the necessary finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct." R.C. 2929.14(C)(4). However, read in context, it is clear the court meant that it is the court's duty to ensure that consecutive sentences are not disproportionate to the seriousness of the offense, because the judge immediately followed the word "disproportionate" with a statement that the court must "find that the harm was so great or unusual that a single term does not adequately reflect [sic] seriousness of the conduct."

**{¶14}** As previously stated, the court found the offenses more serious than other similarly situated offenders based on the victims' statements and the fact that there were two separate offenses committed against two victims. The court also noted there was a period of time between the commission of the two offenses during which Wilson had the opportunity to consider his conduct and nevertheless chose to sexually assault the second victim, who was pregnant.

**{¶15}** Moreover, Wilson never raised proportionality as an issue in the trial court. In order to support a contention that a sentence is disproportionate to sentences imposed upon other offenders, the defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Lang*, 8th Dist. Cuyahoga No. 92099, 2010-Ohio-433, ¶ 21.

**{¶16}** Wilson has also failed to provide this court with any explanation or evidence as to why or how his sentence is disproportionate. A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses." *State v. Breeden*, 8th Dist. Cuyahoga No. 84663, 2005-Ohio-510, ¶ 81.

**{¶17}** The trial court made all the findings required by R.C. 2929.14(C)(4).

**{¶18}** Therefore, the sole assignment of error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCURS
WITH SEPARATE OPINION


KENNETH A. ROCCO, J., CONCURRING

{¶20} At sentencing, the trial court emphasized the fact that Wilson molested two victims in this case in two separate incidents. In my opinion, it is evident that the trial court found that, on these facts, consecutive sentences were not disproportionate to the seriousness of Wilson's conduct and were not disproportionate to the danger that Wilson posed to the public. Wilson is not entitled to a "volume discount" at sentencing just because these two separate assaults against two different victims were part of the same indictment. While the trial court could have been clearer in connecting this finding to the language in R.C. 2929.14(C)(4), the connection was sufficiently made, and so I concur.

{¶21} But I wish to highlight my concern about an ongoing and troublesome issue with respect to how the state is dealing with consecutive sentences. In my view, if the state believes that a consecutive sentence is appropriate in a given case, the best practice would be to provide the trial court with a sentencing memorandum that includes the required statutory findings under R.C. 2929.14(C)(4) with citations to the record

supporting each required finding. Another suitable alternative would be for the state to orally articulate at the sentencing hearing the R.C. 2929.14(C)(4) factors along with citations to the record that support these factors. But while the state may desire a consecutive sentence, all too often, it does little at the trial-court level to assist the trial court in determining whether a consecutive sentence is supported by the record.

{¶22} Then, on appeal, the state regularly defends a consecutive sentence by leaning heavily on the idea that the trial court is not required to use "'talismanic words to comply with the guidelines and factors for sentencing.'"[3] *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 10, quoting *State v. Brewer*, 1st Dist. Hamilton No. C-000148, 2000 Ohio App. LEXIS 5455 (Nov. 24, 2000). I find it unacceptable for the state to prop up its position on appeal by parroting the "talismanic words" language when it has failed to provide the trial court with a sentencing memorandum in the first place.

{¶23} All too often, we are forced to reverse consecutive sentences because the trial court has not adequately set forth that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and were not disproportionate to the danger the offender posed to the public. *See, e.g.*, *State v.*

---

[3]My impression is that our "talismanic words" jurisprudence in sentencing cases is akin to the substantial-compliance doctrine in plea colloquy cases. That is, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicate that the trial court actually made the findings required by statute. *Compare State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31 (substantial compliance doctrine at a plea colloquy) *with Goins* at ¶ 10 (talismanic words at a sentencing cases).

*Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 15; *State v. Lebron*, 8th Dist. Cuyahoga No. 97773, 2012-Ohio-4156, ¶ 15; *State v. Shepherd*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415, ¶ 82.   If the state did more to assist the trial court at sentencing on the front end, we would most likely see a significant reduction in the number of cases being sent back (at great expense to the public) to the trial court on remand.