[Cite as *State v. Trotter*, 2014-Ohio-3588.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100617**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DAVID C. TROTTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-525504

**BEFORE:** Keough, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 21, 2014

**ATTORNEY FOR APPELLANT**

Kimberly K. Yoder
Kimberly K. Yoder Co., L.P.A.
20325 Center Ridge Road, Suite 133
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Scott Zarzycki
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, David Trotter, appeals his sentence. For the reasons that follow, we affirm.

{¶2} A history of this case was set forth in *State v. Trotter*, 8th Dist. Cuyahoga No. 99014, 2013-Ohio-2538, ¶ 2-5 ("*Trotter III*").

> In 2009, Trotter was charged with four counts of rape, two counts of kidnapping, eleven counts relating to alleged child pornography found on his computer, and two counts of corrupting another with drugs. The matter proceeded to a bench trial in January 2010; however, after six days of testimony, the court granted a motion to suppress the evidence found on Trotter's computer that was made after the judge, sua sponte, raised a jurisdictional issue. The state appealed this ruling, and this court reversed. *State v. Trotter*, 8th Dist. No. 94648, 2011-Ohio-418 [("*Trotter I*")].

> The bench trial continued in February 2011. At the end of trial, the state dismissed the two counts of corrupting another with drugs. The trial court convicted Trotter of two counts of rape in violation of R.C. 2907.02(A)(2) (Counts 1 and 2); two counts of rape in violation of R.C. 2907.02(A)(1)(c) (Counts 3 and 4); and two counts of kidnapping in violation of R.C. 2905.01(A)(4) (Counts 5 and 6); but acquitted him of the counts relating to the child pornography (Counts 7 - 17). The trial court then sentenced Trotter to a total of 60 years in prison.

> Trotter appealed his convictions and this court reversed in part, finding that the trial court erred by imposing multiple punishments for allied offenses; specifically, this court found that Counts 1, 3, and 5 were allied and Counts 2, 4, and 6 were allied. *State v. Trotter*, 8th Dist. No. 97064, 2012-Ohio-2760 [("*Trotter II*")]. We remanded the case for the merger of allied offenses and resentencing.

> The trial court held a resentencing hearing on August 14, 2012. The state elected to proceed to sentencing on Counts 1 and 2, rape. The trial court sentenced Trotter to ten years in prison on each count and ran the sentences consecutive, for a total sentence of 20 years in prison.

**{¶3}** Following resentencing, Trotter again appealed his sentence contending that the trial court failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences. *Id.* at ¶ 6. This court agreed with Trotter, vacated his sentence, and remanded the case "to the trial court to consider whether consecutive sentences are appropriate under [Am.Sub.H.B. No. 86 ("H.B. 86")], and, if so, to enter the proper findings on the record." *Id.* at ¶ 17.

**{¶4}** In September 2013, the trial court conducted a resentencing hearing based on this court's remand order in *Trotter III*. The state elected to proceed with sentencing on Counts 1 and 2, and the trial court imposed a ten-year sentence on each count. After making the requisite findings pursuant to R.C. 2929.14(C)(4), the trial court ordered the sentences to be served consecutively for a total term of imprisonment of 20 years.

**{¶5}** Trotter now appeals his sentence, raising two assignments of error.

### I. Judicial Vindictiveness

**{¶6}** In his first assignment of error, Trotter contends that the trial court denied him due process of law by exhibiting judicial vindictiveness against him during the resentencing hearing.

**{¶7}** The United States Supreme Court held in *North Carolina v. Pearce*, 395 U.S. 711, 725-726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), that when a defendant succeeds on appeal and his or her case is remanded to the trial court for resentencing, a presumption of vindictiveness arises where the court imposes a sentence harsher than the original sentence.

{¶8} In this case, the trial court did not impose a harsher sentence than the original sentence. The trial court originally imposed a sentence of ten years on each count to run consecutively and on remand again imposed a sentence of ten years to run consecutively. Therefore, a presumption of vindictiveness did not exist in this case.

{¶9} Trotter contends that the trial court acted vindictively because it already had a preconceived intention that it was imposing consecutive sentences prior to resentencing. Considering that the trial court initially imposed consecutive sentences in *Trotter II* and then again in *Trotter III*, it was neither unreasonable nor vindictive that consecutive sentences would be again imposed.

{¶10} Trotter also contends that proof of vindictiveness existed when the trial court refused to advise him that he had a right to appeal his sentence. The trial court stated that Trotter did "not have any appeal rights"; thus, it did not advise Trotter of his right to appeal, even though defense counsel specifically requested an advisement. The trial court's statement was incorrect because a defendant has a right to appeal a sentence that is contrary to law pursuant to R.C. 2953.08, however, no prejudice can be shown because Trotter timely filed his appeal, a transcript was provided at the state's expense, and counsel was appointed. *See, e.g., State v. Gagnon*, 6th Dist. Lucas No. L-08-1235, 2009-Ohio-5185, ¶ 32.

{¶11} Trotter further takes issue with the trial court's apparent frustration at resentencing. In response to defense counsel's attempt to request a concurrent sentence in exchange for an agreement to waive any appeal, the court expressed its belief that

defense counsel was actually threatening an appeal if concurrent sentences were not imposed. The trial court's displeasure was focused at defense counsel, not Trotter. At no time did the trial judge chastise or berate Trotter; rather, the court's response was directed towards defense counsel on an apparent misconstruction of what counsel was requesting. And the trial court did not take its frustration with counsel out on defendant by increasing his sentence.

{¶12} Accordingly, we find that the trial court was not motivated by vindictiveness in ordering Trotter to serve consecutive ten-year sentences for each offense. Trotter's first assignment of error is overruled.

## II. Consideration of Institutional Conduct

{¶13} In his second assignment of error, Trotter contends that the trial court erred in refusing to consider his prison conduct and institutional summary during the resentencing hearing.

{¶14} The order of remand for resentencing from *Trotter III* required the trial court "to consider whether consecutive sentences are appropriate under H.B. 86, and if so, to enter the proper findings on the record." Trotter is not challenging the consecutive sentence findings made by the court pursuant to R.C. 2929.14(C)(4). Rather, Trotter's issue is whether the trial court was required to consider his conduct while in prison and his institutional summary to determine whether consecutive sentences were *appropriate* under H.B. 86.

{¶15} H.B. 86, was enacted "with a legislative purpose to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison." *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, ¶ 20, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011). The enactment of H.B. 86 was effectually an overhaul of the criminal offense statutes and felony sentencing provisions.

{¶16} One of the noteworthy changes to the felony sentencing laws concerned the purposes of felony sentencing, as stated in R.C. 2929.11(A). *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274, ¶ 80. The two primary purposes of felony sentencing remained — "to protect the public from future crime by the offender and others and to punish the offender * * *." R.C. 2929.11(A). However, H.B. 86 added that these goals are to be realized "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.*

{¶17} Accordingly, although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 using the factors and guidelines contained in R.C. 2929.12. Even so, H.B. 86 did not mandate a sentencing court to engage in any factual findings under R.C. 2929.11 or 2929.12; the trial court has discretion to determine whether the sentence

satisfies the overriding purposes of Ohio's sentencing structure. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49.

{¶18} H.B. 86 also revived the former presumption of concurrent sentences in R.C. 2929.41(A) unless the trial court makes the required findings for consecutive sentences pursuant to R.C. 2929.14(C)(4), which requires that a trial court engage in a three-step analysis.

{¶19} In this case, when this court issued its remand order for the trial court "*to consider whether consecutive sentences are appropriate under H.B. 86*," the trial court was required to follow H.B. 86 and consider the overriding purposes and goals of sentencing in deciding a term of imprisonment, and if concurrent sentences were not sufficient to meet those purposes and goals, then the court was required to state its statutory findings on the record before imposing consecutive sentences. After reviewing the record, we find the trial court complied with the remand order in *Trotter III*.

{¶20} Trotter was found guilty of multiple rape and kidnapping counts following a bench trial before the same judge who conducted the resentencing. The transcript reveals that this incident involved two separate acts of rape to the same 15-year-old victim. Furthermore, Trotter had a criminal history and had been imprisoned previously. In mitigation, defense counsel relayed to the court that Totter's previous criminal history involved non-violent crimes. Counsel further stated that while in prison, Trotter received his GED, attended other courses, was working as a cook, and had no disciplinary record.

{¶21} Even though the trial court stated Trotter's prison conduct was "irrelevant" for resentencing, a review of the transcript reveals that mitigation arguments by defense counsel and Trotter's allocution were made during resentencing, which included information about his institutional conduct.

{¶22} In *State v. Jackson*, 8th Dist. Cuyahoga No. 92365, 2009-Ohio-4995, this court held that a trial court may, in its discretion, consider an offender's conduct while in prison during a de novo resentencing. However, as this court stated in *State v. Smith*, 8th Dist. Cuyahoga No. 91346, 2009-Ohio-1610, a trial court is not required to consider a defendant's conduct while incarcerated upon resentencing. The record reflects that the trial court, in its discretion, gave Trotter's conduct in prison no weight in resentencing; nor was the court obligated to consider this information. The trial court's decision not to consider this factor in determining whether consecutive sentences were *appropriate* was not an abuse of discretion.

{¶23} Accordingly, Trotter's second assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR