[Cite as *State v. Graves*, 2013-Ohio-2197.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98559**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DANNY GRAVES

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557800

**BEFORE:** Rocco, J., Stewart, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 30, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
By:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Maxwell M. Martin
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, OH   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Danny Graves appeals from his consecutive sentences for domestic violence and for violating a protection order. As the trial court imposed consecutive sentences without making all of the requisite statutory findings on the record, we reverse the trial court's final judgment and remand the case to the trial court for the limited purpose of resentencing Graves.

{¶2} Graves was charged on a multiple-count indictment, and ultimately, he pleaded guilty to two of those counts: one count of domestic violence under R.C. 2919.25(A), a fourth-degree felony, and one count of violating a protection order, under R.C. 2919.27(A)(1), a fifth-degree felony. The state dismissed the other charges. On April 25, 2012, the trial court ordered Graves released on bond pending sentencing. The bond was set at $1,500 and included a no contact order with the victim.

{¶3} When the parties appeared for sentencing on May 23, 2012, the state informed the trial court that Graves had recently sent the victim threatening text messages.[1] According to reports at the sentencing hearing, the messages stated:

> Both of y'all bitchez goin' down smokin'. Watch wait 'til I get diz tool bitch dat playin' with a nigga feelinz ova with y'all together y'all gone die together so keep walkin' around with dat nigga like shit sweet y'all dead

---

[1]The East Cleveland police learned about the text messages in the course of responding to the scene of a fight where Graves was present. Graves was charged in East Cleveland with violating probation, and those charges were pending at the time that the trial court imposed its sentence in the instant case. The East Cleveland probation-violation charge is not part of this appeal, and our decision will not impact any sentence Graves may have received in conjunction with that charge or with any other charge that may have been filed against him in conjunction with that matter.

bitch on my mama soul?  Watch no promise.  Bitch yo bezt bet iz too watch yo back cauze I'm lookin fo a tool too buy an when I found 1 bitch u gettin pick up in a bag one of y'all gone get caught slippen watch.

Tr. 23-24.

**{¶4}** Although Graves alleged that his 17-year-old sister had sent the text messages, the trial court rejected his claim because Graves did not produce a corroborating witness.  Graves's defense attorney presented Graves's version of events, and then explained that Graves wanted to speak with the trial court directly.  Defense counsel stated that counsel had "nothing better to tell this Court than what my client said with regard to making his sister the supposed, you know, person responsible for all this.  I, quite candidly, don't expect you to find it any more plausible than I do."  Tr. 27.

**{¶5}** The trial court sentenced Graves to 18 months in prison for the fourth-degree felony for domestic violence, and to 12 months in prison for the fifth-degree felony for violating a protection order.  The sentences were ordered to run consecutively.  Graves filed a notice of appeal and sets forth three assignments of error for our review.

I.  The trial court violated Graves's right to due process by interpreting patent ambiguity in a statute strictly against him.

II.  The trial court erred in ordering consecutive sentences without stating the requisite statutory findings on the record.

III.  Graves was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

**{¶6}** In his first assignment of error, Graves argues that R.C. 2929.13(B)(1)(a) applied to his conviction for violating a protection order, and that this statute precluded the trial court from imposing a prison sentence for this conviction.[2] But R.C. 2929.13(B)(1)(a) is inapplicable in this case, and so we overrule the first assignment of error.

**{¶7}** Under R.C. 2929.13(B)(1)(a), under certain conditions, a trial court is required to sentence a defendant to a community control sanction as opposed to a prison term. *Id.* However, under R.C. 2929.13(B)(1)(b)(iii) "the court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if * * * [t]he offender violated a term of the conditions of bond as set by the court."

**{¶8}** In the instant case, the trial court determined at the sentencing hearing that Graves had violated the no contact order when he sent threatening text messages to the victim while he was out on bond. Because the no contact order was one of the conditions of Graves's bond, R.C. 2929.13(B)(1)(b)(iii) applies and the trial court had discretion to impose a prison term on Graves for the fifth-degree felony of violating a protection order. *See State v. Spencer*, 3d Dist. Nos. 6-12-15 and 6-12-16, 2013-Ohio-137, ¶ 21 (applying R.C. 2929.13(B)(1)(b)(iii) and finding no error in trial court's imposition of a prison term where the defendant violated a condition of her

---

[2] Graves does not argue that this provision applies to his domestic violence conviction.

personal recognizance). Because Graves violated a condition of his bond, R.C. 2929.13(B)(1)(a)(i) is inapplicable, and, therefore, Graves's first assignment of error is without merit.

{¶9} In his second assignment of error, Graves argues that the trial court erred in imposing consecutive sentences without making the requisite statutory findings on the record. We agree.

*Standard of Review*

{¶10} When a defendant argues that his sentence was imposed erroneously, our task is to meaningfully review the trial court's sentencing decision. *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 6. Am.Sub.H.B. No. 86, effective September 30, 2011, amended R.C. 2953.08(G)(2) and makes clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, under the new provision, if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) that "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing." *Goins* at ¶ 6, quoting R.C. 2953.08(G)(2). *But see State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 9-10 (stating that the appropriate standard of review is to first determine whether the sentencing court complied with all applicable rules and statutes to determine whether the sentence is clearly and

convincingly contrary to law; and second, if the trial court complies with all applicable rules and statutes, the sentence is then reviewed for an abuse of discretion).

*Required Findings for Imposing Consecutive Sentences*

**{¶11}** H.B. 86 also reinstated the requirement that trial courts make certain findings before imposing consecutive sentences. These requirements are codified at R.C. 2929.14(C)(4). *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5. Specifically, before imposing consecutive sentences, the trial court must first find that the sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and are not disproportionate to the danger the offender poses to the public. Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶12}** Although a trial court is not required to use "'talismanic words to comply with the guidelines and factors for sentencing,'" it must be clear from the record that the trial court actually made the required statutory findings. *State v. Matthews*, 8th Dist. No. 97916, 2012-Ohio-5174, ¶ 48, quoting *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). The requirements are satisfied "when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria." *Id.*

*Analysis*

**{¶13}** In the instant case, the trial court stated on the record that it was imposing the consecutive sentences because:

> Th[e] text [messages] suggest that you are going to inflict bodily harm on another individual in the community, and that cannot happen. That will not happen under this Court's watch. That is one of the problems that I have with it. But when I look through your record, since 2003, unruly, unruly, unruly, assault, criminal activity on school property, misconduct on public transportation, misconduct on public transportation, criminal trespass. You were found not guilty on aggravated robbery. Kidnapping, aggravated robbery, kidnapping having weapon while under disability. But then in East Cleveland in 2011 in November, petty theft and this. Somebody has to take care of the community because you don't seem to care how you impact on the lives of other people. Therefore, the sentence will stand as it is.

Tr. 36-37.

**{¶14}** Applying the statutory requirements to the trial court's reasoning, we conclude that the trial court failed to make all of the necessary findings before imposing the consecutive sentences. With respect to the first and third prongs of R.C. 2929.14(C)(4), the trial court found that Graves's history of violence demonstrated that

consecutive sentences were necessary to protect the public from future crime by Graves. Specifically, the trial court set forth its concern that Graves had threatened a member of the community with physical harm, and that, because Graves did not care how his conduct impacted the lives of others, the trial court was responsible for imposing a sentence that would ensure the community's safety. A trial court's discussion of a defendant's prior criminal history can satisfy two statutory findings; first, that a consecutive sentence is necessary to protect the public from future crime or to punish the offender, and second, that an offender's criminal history demonstrates that consecutive sentences are necessary for the public's protection from future crime by the offender. *See State v. Shepherd*, 8th Dist. No. 97962, 2012-Ohio-5415, ¶ 82.

{¶15} However, the trial court's stated reasons did not include a finding that consecutive sentences were not disproportionate to the seriousness of Graves's conduct and were not disproportionate to the danger that Graves poses to the public. *See State v. Lebron*, 8th Dist. No. 97773, 2012-Ohio-4156, ¶ 15 (consecutive sentences were not permissible where the trial court failed to make the mandatory finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and were not disproportionate to the danger the offender posed to the public); *Shepherd* at ¶ 82 (same). For this reason, we remand this case to the trial court for the limited purpose of resentencing. *See State v. Huber*, 8th Dist. No. 98206, 2012-Ohio-6139, ¶ 17 ("A

sentencing hearing on remand is limited to the issue found to be in error on appeal.").

**{¶16}** In his third assignment of error, Graves asserts that he received ineffective assistance of counsel at his sentencing. Finding no merit to this argument, we overrule the third assignment of error. A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To determine whether a defendant received ineffective assistance of counsel, we first evaluate whether counsel's performance was deficient, meaning errors were so serious that counsel was not functioning as "counsel" guaranteed to the defendant under the Sixth Amendment. *Id.* at 687. If we determine that counsel's performance was deficient under the first prong, we must then determine whether the errors prejudiced the defendant such that the defendant was deprived of a fair and reliable trial. *Id.* We determine prejudice by analyzing whether "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is defined as probability sufficient to undermine confidence in the outcome. *Id.*

**{¶17}** Graves argues that when it came to light that he had sent threatening text messages to the victim, his counsel did nothing to attempt to mitigate the aggravating circumstance. Graves asserts that, if anything, his counsel made matters worse by castigating his client on the record, by providing additional aggravating factors to consider, by failing to cross-examine the victim about her allegation, and by failing to ask

the trial court for a continuance so that his client could defend himself against the new allegations.

**{¶18}** We disagree. With regard to the first prong of *Strickland*, Graves did not need a continuance so that he could defend himself against the new allegations, as he was well aware of the allegations before he arrived at the sentencing hearing. Furthermore, although Graves's counsel did make a comment about the text messages that was not necessarily in his client's best interest,[3] counsel did attempt to mitigate the impact of the text messages by representing to the trial court that Graves "got a job, and * * * did not test positive which were two of the things that you asked him to do." Tr. 25.

**{¶19}** With regard to the second prong of *Strickland*, to the extent that counsel's comment was harmful, we conclude that Graves was not prejudiced by these comments because there is not a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. The trial court did not believe Graves when he asserted that he did not send the text messages, but the trial court's determination that Graves was not credible was not based on defense counsel's comment. Rather, the trial court based its credibility finding on the fact that Graves had no one to corroborate his story and on Graves's lengthy criminal history.

---

[3] Graves takes issue with defense counsel's statement that counsel had "nothing better to tell this Court than what my client said with regard to making his sister the supposed, you know, person responsible for [the text messages]. I, quite candidly, don't expect you to find it any more plausible than I do." Tr. 27.

{¶20} Further, Graves was not prejudiced because the trial court based the length of Graves's sentence both on the seriousness of the threats made and on Graves's record. The text messages threatened the victim with great bodily harm and/or death. The trial court expressed its concern for the safety of the victim and the safety of the community at large. Tr. 36-37. These concerns would have remained regardless of what Graves's counsel said or did not say at the sentencing hearing.

{¶21} With regard to Graves's argument that defense counsel should have cross-examined the victim about her allegation, the trial court had the complaining witness   testify on the record, but only *after* the trial court had imposed its sentence. Tr. 38. The trial court stated, "I want it on the record for Mr. Graves." *Id.* As the trial court did not base its sentence on the victim's testimony, Graves could not have been prejudiced at sentencing by his counsel's failure to cross-examine the victim. Because Graves cannot demonstrate that he received ineffective assistance of counsel at his sentencing hearing under either prong of *Strickland*, we overrule the third assignment of error.

{¶22} The trial court's judgment is reversed to the lower court for resentencing in conformance with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR