[Cite as *State v. Stowes*, 2013-Ohio-2996.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 98774

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO STOWES

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560939

**BEFORE:** McCormack, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

By:   John T. Martin
Assistant Public Defender
310 Lakeside avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary Weston
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Antonio Stowes ("Stowes"), appeals from his guilty plea and the trial court's imposition of consecutive sentences. For the reasons that follow, we affirm in part, reverse in part, and remand.

## Substantive Facts and Procedural History

{¶2} On March 27, 2012, Stowes was indicted and charged with aggravated robbery with firearm specifications for two separate incidents in December 2011. Counts 1 through 11 related to an armed robbery on December 22, 2011, during which Stowes robbed three individuals at gunpoint. Counts 12 through 23 related to an armed robbery on December 27, 2011, during which Stowes robbed three different individuals at gunpoint in the same location as the first robbery. Stowes was 17 years old at the time of the robberies. He had turned 18 at the time of sentencing.

{¶3} On June 13, 2012, Stowes pleaded guilty to aggravated robbery with a three-year firearm specification, as amended in Count 2 to incorporate all three victims of the robbery on December 22, 2011. Stowes also pleaded guilty to aggravated robbery with a three-year firearm specification, as amended in Count 13 to incorporate all three victims of the robbery on December 27, 2011.

{¶4} Stowes was sentenced on July 10, 2012. During the sentencing hearing, the court heard two victim impact statements. Sergeant Tom Shoulders, the investigating officer, advised the court that Stowes was cooperative with the police,

however, he had not revealed the location of the weapon used in the robberies. Stowes and his mother testified on Stowes's behalf.

## Assignments of Error[1]

I.   The trial court erred by accepting [Stowes's] guilty plea without first having explained * * * the consequences of his guilty plea.

II.  The trial court erred by imposing consecutive sentences.

## Law and Analysis

## A. Guilty Plea

{¶5} Stowes contends that the trial court violated his constitutional rights by accepting his guilty plea because his plea was not knowing, intelligent, or voluntary. Specifically, he argues that the trial court erred in failing to inform him prior to his guilty plea that he could be ordered to reimburse the state for the cost of confinement. For the reasons that follow, we disagree.

{¶6} An appellate court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "We are required to review the totality of the circumstances and determine whether the

---

[1]Stowes's counsel filed this appeal on Stowes's behalf, contending that the trial court erred in imposing consecutive sentences. After the appeal was filed, and just prior to oral argument, Stowes filed, on his own behalf, a motion for leave to file a supplemental brief instanter, which this court granted. In his supplemental brief, Stowes additionally argued that the trial court erred in accepting his guilty plea.

plea hearing was in compliance with Crim.R. 11(C)." *State v. Schmick*, 8th Dist. No. 95210, 2011-Ohio-2263, ¶ 6.

{¶7} Crim.R. 11(C) governs the process by which a trial court must inform a defendant "of certain constitutional and non-constitutional rights before accepting a felony plea of guilty or no contest." *Schmick* at ¶ 5. "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty." *Id.*, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶8} Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} In differentiating between constitutional rights and nonconstitutional rights under Crim.R. 11(C), courts have held that strict compliance with the rule is required if

the appellant raises a constitutional right delineated in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Substantial compliance, however, is the standard when the appellant raises a violation of a nonconstitutional right outlined in Crim.R. 11(C)(2)(a) and (b). *State v. Drake*, 8th Dist. No. 98640, 2013-Ohio-1984, ¶ 5, citing *Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163.

{¶10} Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). When the trial court does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or completely failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108.

{¶11} Court costs are not punishment, "'but are more akin to a civil judgment for money.'" *State v. Joseph*, 125 Ohio St.3d 76, 79, 2010-Ohio-954, 926 N.E.2d 278, quoting *State v. Threatt*, 108 Ohio St.3d 277, 280, 2006-Ohio-905, 843 N.E.2d 164. Consequently, they are not part of the penalty the trial court must describe pursuant to Crim.R. 11(C)(2)(a). *State v. Adams*, 8th Dist. No. 95439, 2011-Ohio-2662, ¶ 23, citing

*State v. McDaniel*, 4th Dist. No. 09CA677, 2010-Ohio-5215, ¶ 20-21. Therefore, court costs are reviewed under the totality of the circumstances test and the plea is reviewed for substantial compliance. *McDaniel* at ¶ 21; *State v. Faulkner*, 6th Dist. No. L-10-1147, 2011-Ohio-2696, ¶ 17.

**{¶12}** In this case, Stowes argues that his constitutional rights were violated when the trial court failed to inform him that he could be ordered to reimburse the state for the cost of confinement. As stated above, however, court costs are not considered part of the penalty and they are, therefore, not constitutional rights. As such, we must determine whether the trial court substantially complied with the nonconstitutional provisions of Crim.R. 11. *Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163; *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶13}** Upon review of the record, we find that, before accepting Stowes's guilty plea, the trial court informed him of the potential penalties he faced, including an obligation to pay court costs:

> If you plead guilty, you might also have to pay court costs, any restitution and you might also be forfeiting some of your civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.
>
> These are all felonies so that's what you would be facing today if you were going to plead guilty to felonies today.

The trial court then asked Stowes, "Are you aware of that?" In response, Stowes replied, "Yes."

**{¶14}** In light of the above, we find that at least substantial compliance with the nonconstitutional requirements of Crim.R. 11(C) exists. The record demonstrates that the trial court advised Stowes about the possibility of having to pay "court costs," and in response, Stowes stated that he was aware of the same. Therefore, we find that, under the totality of the circumstances, Stowes subjectively understood the implications of his plea with regard to court costs. Because we find that the trial court substantially complied with Crim.R. 11, we conclude that Stowes's guilty plea was knowingly, intelligently, and voluntarily made.

**{¶15}** Accordingly, Stowes's first assignment of error is overruled.

### B. Consecutive Sentences

**{¶16}** Stowes contends that the trial court erred in imposing consecutive sentences without making the appropriate findings required by R.C. 2929.14. Finding merit to his second assignment of error, we agree.

**{¶17}** We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891 (holding that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, is no longer valid in light of the enactment of H.B. 86 and the "revival" of statutory findings necessary for imposing consecutive sentences).

**{¶18}** R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law";

or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *Venes* at ¶ 11; R.C. 2953.08(G)(2). Specifically, the statute states as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

**{¶19}** H.B. 86, which became effective on September 30, 2011, revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). The statute, as revised by H.B. 86, codifies this requirement. *State v. Graves*, 8th Dist. No. 98559, 2013-Ohio-2197, ¶ 11, citing *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5.

**{¶20}** The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for consecutive sentences set forth in R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

**{¶21}** Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

**{¶22}** Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. The failure to make these findings is "contrary to law." *Id.* at ¶ 12.

**{¶23}** In applying the requirements outlined above to this case, we find that the trial court did not make the statutorily mandated findings before imposing consecutive sentences.

**{¶24}** Prior to rendering its sentence, the trial court recited a portion of Stowes's juvenile history, stating the following:

> In 2007, you were adjudicated delinquent for menacing and disorderly conduct.
>
> In 2008, you were arrested for carrying a concealed weapon, but that was dismissed.
>
> In 2008, again, you were adjudicated delinquent for aggravated robbery, aggravated robbbery, resisting arrest, receiving stolen property, receiving stolen property, and a probation violation.
>
> In 2008, you were arrested for carrying a concealed weapon a second time. That was dismissed without prejudice.
>
> Again, carrying concealed weapon in 2009.
>
> Again, in 2009, menacing and obstructing official business. Found delinquent again as a result.
>
> In 2011, aggravated robbery, three counts.

**{¶25}** The court further stated that this was only "part of his history" and "There is more. I didn't read it all." Thereafter, it proceeded to impose consecutive sentences of six years on each aggravated robbery. The court stated that "it would be worth taking some time if [Stowes] could remember where [he] put the weapon." In support of its sentence, and over the objection of defense counsel, the trial court noted that it "strayed drastically" from the sentencing guidelines "because of [Stowes's] incredible juvenile

history." The court further stated that "it does not look like [Stowes] learned a single, solitary thing from all those charges of delinquency as a juvenile."

{¶26} In reviewing the record before us, we find that the trial court failed to make all of the necessary findings before imposing consecutive sentences in this case. The court did discuss a portion of Stowes's juvenile history, citing delinquent adjudications from 2007 through 2011. It further explained that it "strayed drastically" from the sentencing guidelines because of Stowes's juvenile history and the fact that Stowes's "had not learned a single, solitary thing" from his past. Arguably, these statements can support two of the requisite findings outlined in the first and third prongs of the statute: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; and (2) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See Graves*, 8th Dist. No. 98559, 2013-Ohio-2197, ¶ 14 (finding that a trial court's discussion of an offender's prior criminal history can satisfy two statutory findings).

{¶27} The trial court, however, failed to engage in the required analysis and make the specific findings with respect to the second prong of the statute. The trial court's reasons for imposing consecutive sentences did not include the finding that consecutive sentences are not disproportionate to the seriousness of Stowes's conduct and to the danger Stowes poses to the public. R.C. 2929.14(C)(4). This is especially problematic in light of the trial court's admitted "drastic" departure from the sentencing guidelines

and the fact that Stowes was a juvenile at the time he committed the crimes. We, therefore, find that the consecutive sentence the trial court imposed is clearly and convincingly contrary to law in that the necessary findings to justify consecutive sentences are not found here.

**{¶28}** Accordingly, Stowes's second assignment of error is sustained, and we reverse and remand to the trial court for resentencing consistent with R.C. 2929.14(C).

**{¶29}** Judgment affirmed in part, reversed in part, and case remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR