[Cite as *State v. Kinder*, 2013-Ohio-5250.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99613**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JIMMY LEE KINDER

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561491

**BEFORE:** Rocco, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 27, 2013

-i-

**ATTORNEYS FOR APPELLANT**

Christopher R. Lenahan
2035 Crocker Road
Suite 104
Westlake, Ohio   44145

Donald Gallick
The Law Office of Donald Gallick L.L.C.
190 North Union Street, #102
Akron, Ohio   44304

Donald R. Hicks
159 South Main Street, #423
Akron, Ohio   44308

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, P.J.:

**{¶1}** After entering guilty pleas to three counts of sexual battery, defendant-appellant Jimmy Lee Kinder appeals from the sentences he received.

**{¶2}** Kinder presents one assignment of error, claiming that the trial court did not make the necessary statutory findings prior to imposing consecutive terms for his convictions. Because the record reflects Kinder's claim has merit, his sentences are reversed, and this case is remanded for resentencing.

**{¶3}** On June 12, 2012, Kinder originally was indicted in this case for five counts of rape and five counts of kidnapping. All of the charges pertained to the same victim. Each count contained a sexually violent predator ("SVP") specification, and the kidnapping counts also contained a sexual motivation specification. Kinder pleaded not guilty at his arraignment.

**{¶4}** Eventually, Kinder entered into a plea agreement with the state. In exchange for the state's amendment of the first three rape counts to charges of sexual battery, the deletion of the SVP specifications in those counts, and the state's dismissal of the remaining counts, Kinder pleaded guilty to the three amended charges. The trial court accepted Kinder's pleas.

**{¶5}** On December 19, 2012, when the trial court called Kinder's case for sentencing, the court heard from defense counsel, Kinder's adult son, Kinder, the victim, and the prosecutor. The trial court then stated in pertinent part as follows:

> First, I'll note for the record that, Mr. Kinder, you do appear to this
> Court to be remorseful for your actions, you have taken responsibility for

your actions, and I balance that with the fact that you for your 59 years of age have been law abiding, don't have any prior record, this is the first time that you have you — you find yourself in the justice system. So I balance those factors with the facts of this case.

When I get to the facts of this case, I find the facts to be serious facts, and the reason that I find them to be serious facts are many, actually. To me, the most poignant is the fact that it is who your victim is, actually, and your victim is an individual, one, who you knew and you knew for an extended period of your life, someone that you had a relationship with, and insofar as she's a family member * * * who * * * has limited abilities, and that was not unknown to you. * * *

* * * [Y]our victim was an individual who really didn't have * * *

many options. She really didn't have anyplace to go, anywhere to turn. * *

* I think you knew that.

So for those reasons, I do find that prison is consistent with the purposes of sentencing in this case, and * * * I don't believe that a minimum sentence is appropriate here because of the seriousness and the extended period of time that this took place over. It wasn't one incident. It was many incidents. It was over a period of time. In my mind, it was calculated. It was choosing your victim * * * and you're going to stop her from telling anybody and you picked in your mind the perfect person who you thought won't tell anyone.
* * *

So as to amended Count 1, sexual battery, that being a felony of the third degree, I'm going to sentence you to a term of 2 years. That will run consecutive to the amended Count 3, 2 years and consecutive to the amended Count 5, 2 years. You will serve a total of 6 years.

{¶6} This court granted Kinder's motion to file a delayed appeal. He presents the following assignment of error for review.

**I. The trial court erred by imposing consecutive sentences in violation of R.C. 2929.14(C)(4).**

**{¶7}** Kinder argues that his sentence is improper because the trial court failed to follow the mandate of R.C. 2929.14(C)(4) to make findings prior to imposing consecutive terms. This court finds merit to his argument.

**{¶8}** Appellate courts must review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 10. R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." *See also Venes* at ¶ 11. The appellate court's standard for review is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2).

**{¶9}** R.C. 2929.14(C)(4), therefore, sets forth the requirement that trial courts make certain findings before imposing consecutive sentences. *State v. Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 11. That is, in Ohio, unless the trial court makes the required findings for consecutive sentences set forth in R.C. 2929.14(C)(4), there is a presumption that sentences are to run concurrently. *Venes* at ¶ 15-16; R.C. 2929.41(A).

**{¶10}** R.C. 2929.14(C)(4) states that, when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the

danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶11}** Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 17. A trial court's failure to make these findings is "contrary to law." *Id.* at ¶ 12, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252.

**{¶12}** Applying the principles outlined above to this case, this court is compelled to find that the trial court did not comply with R.C. 2929.14(C)(4). The trial court stated several valid *reasons* for choosing a six-year total prison sentence, and indicated its belief that R.C. 2929.14(C)(4)(b) applied to the facts, but the court's commentary omitted the findings necessary for imposing consecutive terms. *State v. Stowes*, 8th Dist. Cuyahoga

No. 98774, 2013-Ohio-2996, ¶ 27; *State v. Marton*, 8th Dist. Cuyahoga No. 99253, 2013-Ohio-3430, ¶ 15.

{¶13} Because the record reflects that the trial court made did not make all of the R.C. 2929.14(C)(4) findings prior to imposing consecutive terms for Kinder's convictions, Kinder's assignment of error is sustained.

{¶14} Kinder's sentences are reversed, and this case is remanded pursuant to R.C. 2953.08(G)(2) with instructions to the trial court to conduct a resentencing hearing and "to state, on the record, the required findings."

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR