[Cite as *State v. Stowes*, 2014-Ohio-3036.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100540**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO STOWES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-560939

**BEFORE:** Jones, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Mary Weston
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Antonio Stowes appeals from the trial court's September 2013 sentencing judgment entry. We affirm.

{¶2} In June 2012, Stowes pleaded guilty to two counts of aggravated robbery, felonies of the first degree, both with three-year firearm specifications. The plea reflected two robberies Stowes committed, the first on December 22, 2011, and the second on December 27, 2011. There were three victims in each robbery, and Stowes brandished a gun during each robbery. The trial court sentenced Stowes to an 18-year prison term that included consecutive sentences.

{¶3} This court affirmed the plea, but reversed for resentencing because the trial court did not make all the statutorily required findings for the imposition of consecutive sentences. *State v. Stowes*, 8th Dist. Cuyahoga No. 98774, 2013-Ohio-2996.

{¶4} A resentencing hearing was held in September 2013. The trial court imposed the same 18-year term, including the consecutive sentences. In his sole assignment of error, Stowes again contends that the trial court did not make all the required findings. We disagree.

{¶5} Under R.C. 2953.08(G)(2), we may overturn the imposition of a consecutive sentence if (1) the sentence is otherwise contrary to law or (2) we clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 11 (8th Dist.); *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 6.

{¶6} In imposing consecutive sentences, R.C. 2929.14(C)(4) requires that the trial

court must find that the sentence is "necessary to protect the public from future crime or to punish the offender," that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c) that are as follows:

> (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7} In sentencing Stowes, the trial court stated on the record, in detail, its consideration of the overriding purposes and principles of felony sentencing. The court also made the following findings in imposing consecutive sentences:

> I do find that consecutive sentences are appropriate and necessary to protect the public from future crimes and to punish in this case. I don't feel that they are disproportionate to the seriousness of your conduct. You talked about multiple victims, anything could have happened. Your conduct has continued to escalate, which also to me indicates a need to protect the public and these consecutive sentences are not disproportionate to the seriousness of your conduct. You put a gun to someone's side, a gun to someone else's head. It poses a great danger to the public as well.

> Again, your history, I mentioned that it has weapons offenses. Weapons offenses could be certainly consecutively sentenced [and such a sentence is] supported by your criminal history. If we completely negate that, as they are juvenile [cases], the fact that these two offenses * * * were committed as part of a course of conduct and again the harm caused is very significant, and so multiple offenses were so great and unusual that no single prison term would adequately reflect the seriousness of your conduct * * *.

**{¶8}** On this record, the trial court made the required statutory findings for the imposition of consecutive sentences. The sole assignment of error is, therefore, overruled.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR