[Cite as *State v. Wells*, 2017-Ohio-8738.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 105723

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM WELLS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-10-533875-A, CR-10-533876-A, and CR-10-533877-A

**BEFORE:** Keough, A.J., E.T. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 30, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:   Erica B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Lisa M. Mahnic
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

**{¶1}** Defendant-appellant, William Wells ("Wells"), appeals from the trial court's judgment sentencing him to 12 months in prison on each of Case Nos. CR-10-533875 and CR-10-533876, and 12 months on each of two counts in CR-10-533877, all to be served consecutively, for an aggregate term of 48 months incarceration. Wells contends that the trial court erred in imposing consecutive sentences because it did not make the required statutory findings under R.C. 2929.14(C)(4).

**{¶2}** Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22; *State v. Trotter*, 8th Dist. Cuyahoga No. 100617, 2014-Ohio-3588, ¶ 18. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the court must find that any one of the following applies:

> (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;
>
> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

(3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶3} In order to impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus.

{¶4} The state concedes the trial court's error in this case. Although the court's journal entry of sentencing contains the requisite findings for consecutive sentences, the state concedes that the trial court did not make the required statutory findings at sentencing. Accordingly, the state asks this court to reverse the imposition of consecutive sentences and remand the case for resentencing for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry. Wells, on the other hand, asks us to modify his sentence to impose concurrent sentences pursuant to R.C. 2953.08(G)(2)(a) because, he argues, the record does not support the imposition of consecutive sentences.

{¶5} As this court noted in *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7, there are two ways a defendant can challenge consecutive sentences on appeal: (1) the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4);

and (2) the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). Wells makes the first argument, which the state has conceded. He cannot make the second argument, however, because the trial court made no findings under R.C. 2929.14(C)(4) when it imposed consecutive sentences.

{¶6} R.C. 2953.08(G)(2)(a) directs an appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." *Johnson* at ¶ 23. Thus, an appellate court can modify a sentence imposing consecutive sentences only if the record does not support the findings made by the trial court. The trial court made no such findings in this case, however. Under R.C. 2953.08(G)(1), if the trial court does not make the findings required by R.C. 2929.14, the appellate court is directed to "remand the case to the sentencing court to state, on the record, the required findings."

{¶7} Accordingly, Wells's assignment of error is sustained. His sentence is vacated and the matter is remanded for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry.

{¶8} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR